UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| LATOYA NIMMONS, | VITALIANO, J. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| APPLIED BUSINESS SERVICES, INC. d/b/a SCA d/b/a SECURITY COLLECTION AGENCY f/k/a APPLIED BUSINESS SYSTEMS, INC., and ALFONZO WARD COX, JR., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants APPLIED BUSINESS SERVICES, INC. d/b/a SCA d/b/a SECURITY COLLECTION AGENCY f/k/a APPLIED BUSINESS SYSTEMS, INC., and ALFONZO WARD COX, JR., (hereinafter collectively "Defendants") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is also an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.*

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. §

1331. The jurisdiction of this Court is also conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

4. The Plaintiff is a natural person and resident of the State of New York. She is a "consumer" as defined by 15 U.S.C § 1681 a(c).

### III. ALLEGATIONS AS TO PARTIES

5. Plaintiff, Latoya Nimmons, ("Nimmons") is a natural person residing in the State of New York.

6. Upon information and belief Defendant APPLIED BUSINESS SERVICES, INC. d/b/a SCA d/b/a SECURITY COLLECTION AGENCY f/k/a APPLIED BUSINESS SYSTEMS, INC. (hereinafter "Defendant SCA") is a collection agency and business corporation and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief Defendant SCA is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Kings County, New York.

8. Upon information and belief, Defendant Alfonzo Ward Cox, Jr. (hereinafter "Defendant Cox") is a natural person who is the President of Defendant SCA and was employed at all times relevant herein by Defendant SCA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Upon information and belief, Defendant SCA is also a "furnisher," as defined in 15 U.S.C § 1681s-2(a). Upon information and belief, Defendant SCA regularly furnishes information to consumer reporting agencies.

10. Defendants are engaged in the collection of debts from consumers using the consumer reporting agencies.  Defendants regularly attempts to collect consumer debts alleged to be due to another.

11. Nimmons is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

12. Nimmons is also a "consumer" as said term is defined under the FCRA, 15 U.S.C. § 1681a(c).

13. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendants are subject to the jurisdiction of the United States Court and venue of this district because Defendants' actions and omissions violate the statues and law of the United States of America, resulting in the causation of inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff adopts and re-alleges the foregoing.

16. On a date better known to Defendants in the year 2011, Defendants attempted to collect an alleged debt from Nimmons by reporting the same to Transunion the existence thereof.

17. In doing so Defendants utilized one of their multiple entities (d/b/a's), "SCA."

18. In doing so, Defendants made several material false statements regarding the nature and amount of the debt.

3

19. On or about the month February in the year 2014, Nimmons first learned of this debt when she checked her credit report. At that time Nimmons sent a letter to Defendant SCA requesting validation of the debt.

20. Not only did Defendant SCA fail to respond, Defendant SCA failed to report to Transunion or that the debt was being disputed by the consumer, and also failed to remove said item.

21. Plaintiff then immediately engaged the services of the Law Office of Abel L. Pierre, PC to help her resolve this matter.

22. Defendants' actions and omissions constitute collection attempts in violation of numerous and multiple provisions of the FDCPA, including, without limitation, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1692f and 1692f(1), amongst others.

23. Defendants, by its actions and omissions, attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

24. Defendants knew or should have known at the time it made these reported the alleged debt to the consumer reporting agencies, that such allegations were false and deceptive.

25. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of knowing of the unlawful actions of Defendants.

26. Defendants failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

27. As a result of Defendants' willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

28. As a result of Defendants' negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

4

## V. PRACTICES OF DEFENDANT

29. It is or was the policy and practice of Defendants to report allegedly owed debts to consumer reporting agencies, in connection with consumers who may or may not owe a debt.

30. It is or was the policy and practice of Defendants to ignore validation requests from consumers in connection with debts reported to the consumer reporting agency.

31. Said practices and policies of Defendants are deceptive, which contradicts the consumer's rights.

32. That the Defendants intentionally and knowingly and/or carelessly and recklessly causes these false, misleading debts to be reported to consumer reporting agencies, thereby coercing payment and collecting debts which it knows or should know that the consumers do not owe.

33. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

34. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

35. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following:  (d), (e), and (f).

    i. Defendants violated 15 U.S.C. § 1692(d) by harassing, oppressing and/or abusing the consumer by employing unfair tactics in an attempt to collect a debt;

    ii. Defendants violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and misleading representation to collect a debt; and making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iii. Defendants violated 15 U.S.C. § 1692(f) by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

36. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff disputed the validity of the debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

37. Plaintiff adopts and re-alleges the foregoing.

38. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

39. Defendants' violation of § 1692d of the FDCPA, include, reporting an alleged debt to the consumer reporting agencies without taking the necessary steps to ensure the debt's validity.

40. Defendants' violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

41. By unlawfully reporting the alleged debt, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

42. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

43. Defendants' violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See15 U.S.C. § 1692k(a)(1).

44. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

45. Plaintiff adopts and re-alleges the foregoing.

46. Section 1692e(2) of the FDCPA prohibits a debt collector from using false or misleading representations in communications with regards to the character, amount, or legal status of the alleged debt. See, 15 U.S.C. § 1692e(2).

7

47. Defendants' violation of § 1692e(2) of the FDCPA, include, but are not limited to, failing to report to the consumer reporting agencies that Plaintiff disputed the nature of the alleged debt and requested validation thereof.

48. Defendants' violation of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

49. By unlawfully making false threats against Plaintiff, Defendants have caused Plaintiff to suffer actual injury in the form of emotional distress.

50. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

51. Defendants' violation of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

## COUNT III

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

52. Plaintiff adopts and re-alleges the foregoing.

53. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

54. Defendants' violation of §1692f of the FDCPA, include, but are not limited to, Defendants' actions and omissions as articulated in the complaint herein.

8

55. Defendants' violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

56. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

57. Defendants' violation of § 1692f of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>15 U.S.C. § 1692k(a)(1).

<u>**COUNT IV**</u>
<u>**Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**</u>

58. Plaintiff adopts and re-alleges the foregoing.

59. SCA published the SCA representations to TransUnion (hereinafter collectively "Consumer Reporting Agencies" or "CRA's") and through   to all of Plaintiff's potential lenders on multiple occasions.

60. SCA's representations to the CRA's were willful.  SCA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. SCA willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom it lent money.

61. As a result of this conduct, action and inaction of SCA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. SCA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C § 1681o.  The Plaintiff is entitled to recover costs and attorney's fees from SCA in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) of the FCRA – failing to correct and update information reported to CRA's

63. Plaintiff adopts and re-alleges the foregoing.

64. SCA violated 15 U.S.C § 1681s-2(b) by continuing to the SCA representation within Plaintiff's credit file with the CRA's by failing to fully properly investigate the Plaintiff's dispute of the SCA representation, by failing to review all relevant information regarding same, and by failing to permanently and lawfully correct its own internal records to prevent he re-reporting of the SCA representations to the consumer reporting agencies.

65. As a result of this conduct, action and inaction of SCA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. SCA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C § 1681o.  The Plaintiff is entitled to recover costs and attorney's fees from SCA in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

<u>**COUNT VI**</u>

<u>**Willful violations of the New York General Business Law § 380-f**</u>

67. Plaintiff adopts and re-alleges the foregoing.

68. SCA willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

69. As a result of this conduct, action and inaction of SCA, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

70. SCA's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

71. The Plaintiff is entitled to recover costs and attorney's fees from SCA in an amount to be determined by the Court pursuant to NY GBS § 380-l.

<u>**COUNT VII**</u>

<u>**Willful violations of the New York General Business Law § 380-f**</u>

72. Plaintiff adopts and re-alleges the foregoing.

73. SCA willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the CRA's; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

74. As a result of this conduct, action and inaction of SCA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

11

75. SCA's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

76. The Plaintiff is entitled to recover costs and attorney's fees from SCA in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## COUNT VIII
### Negligent Violations of the New York General Business Law § § 380-f

77. Plaintiff adopts and re-alleges the foregoing.

78. SCA violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the CRA's; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

79. As a result of this conduct, action and inaction of SCA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

80. SCA's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from SCA in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## RESPONDEAT SUPERIOR LIABILITY

3. The acts and omissions of Defendant Cox as a debt collector employed as an agent of Defendant SCA who communicated with Plaintiff as more further described herein, were

committed within the time and space limits of their agency relationship with their principal, Defendant SCA.

4. The acts and omissions by Defendant Cox as a debt collector were incidental to, or of the same general nature as, the responsibilities agents were authorized to perform by Defendant SCA in collecting consumer debts.

5. By committing these acts and omissions against Plaintiff, Defendant Cox were motivated to benefit their principal, Defendant SCA.

6. Defendant SCA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, FCRA and New York tort law, in their attempts to collect this debt from Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Latoya Nimmons prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendants for Plaintiff;

c. Enter judgment in favor of Plaintiff and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d. Declare that Defendants violated the FCRA;

13

e.   Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA.

f.   Declare that Defendants violated the General Obligations law of the State of New York.

g.   Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h.   Grant such further relief as deemed just.


### JURY DEMAND

Plaintiff, Latoya Nimmons demands trial by jury.


Respectfully submitted,

Dated: June 2, 2014

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

14